UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILLIAM TODD OVERCASH,** an individual

    Plaintiff,

v.                                                Case No: 5:15-cv-555-Oc-CEMPRL

**MARK D. SHELNUTT, et al.,**

    Defendants.

## ORDER

This matter is before the Court on a motion to stay discovery (Doc. 147) and a subsequent motion for protective order (Doc. 149) filed by Defendants Carven D. Angel, Don F. Briggs, Barbara Burrola, Mike Carroll, David B. Eddy, Ryan Johnson, T. Michael Johnson, Sheila McGuigan, Daniel B. Merritt, Sr, Jesus Morales, Victor Musleh, S. Sue Robbins, and Anthony M. Tatti. These Defendants have filed a motion to dismiss (Doc. 42) in which they have raised various immunities, including absolute judicial immunity, qualified immunity, prosecutorial immunity and litigation immunity. There are fourteen remaining defendants who have also sought dismissal, but who have not specifically moved for a stay of discovery.

The Defendants specifically seeking the stay and protective order contend that discovery should be stayed (or a protective order should be entered) until the Court rules on the pending motion to dismiss because requiring them to participate in discovery would undermine the immunities that they have claimed. *See e.g., Redford v. Gwinnett Cty. Judicial Circuit,* 350 F. App'x 341, 346 (11th Cir. 2009) (subjecting officials to discovery regarding acts for which they are likely immune would undercut protection immunity was meant to provide); *McMAhon v.*

- 2 -

*Presidential Airways, Inc.*, 502 F.3d 1331, 1339 (11th Cir. 2007) ("immunity from suit entails a right to be free from the burdens of litigation"); *Blinco v. Green Tree Servicing, LLC* 366 F.3d 1249, 1252 (11th Cir. 2004) ("the defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."). I agree. Moreover, although the remaining Defendants have not asserted immunities in their motions to dismiss (Docs. 43, 57, 58, 99, 104, 105, 106, 107, 110, 111), the Court is disinclined to bifurcate these proceedings such that discovery proceeds as to only some of the parties.

Accordingly, Defendants' motion to stay discovery (Doc. 147) is **GRANTED**. Discovery in this case is **STAYED** as to all of the Defendants pending further Order of the Court. Defendants' motion for protective order (Doc. 149) is **DENIED** as moot based on this ruling.

**DONE** and **ORDERED** in Ocala, Florida on May 27, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties